**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5006**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SALVADOR ANTONIO CARTAGENA, a/k/a Salvador Antonio Cartagena-
Carias,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:07-cr-00157-MBS)

_____

Submitted:  April 30, 2008          Decided:  May 21, 2008

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Langdon D. Long, Assistant Federal Public Defender, Aileen P.
Clare, Research and Writing Specialist, Columbia, South Carolina,
for Appellant. Reginald I. Lloyd, United States Attorney, Anne
Hunter Young, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salvador Antonio Cartagena appeals his forty-six-month sentence imposed after he pleaded guilty to knowingly and unlawfully reentering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1325(a), (b)(2) (2000). Finding no error, we affirm.

Cartagena asserts that his sentence was procedurally erroneous because the district court failed to explain the reasons for the sentence imposed on the record and did not give reasons for overruling his objections to a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2006), for having a prior felony conviction, and denying his proposed sentence. However, there is no such procedural requirement. The district court's explanation of the sentence imposed should provide some indication that it considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors and the potentially meritorious arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Here, the district court clearly considered both the statutory factors and the arguments of the parties. The court did not overrule the objection without comment. Further, the court stated that it considered the arguments of counsel, the advisory guidelines range, and the relevant statutory factors and 18

- 2 -

U.S.C.A. § 3553(a) in fashioning the sentence. The suggestion of a specific sentence by the defendant does not place any further requirements on the district court. Accordingly, there was no procedural error.

Next, Cartagena contends that the district court's sentence was greater than necessary to comply with the statutory sentencing goals set forth in § 3553. Specifically, Cartagena asserts that the aggravated felony relied on to impose the sixteen-level enhancement was a relatively minor offense committed fifteen years prior to sentencing and there was no violence or international drug trade involved. Cartagena also argues that he will suffer a significant non-criminal penalty--deportation--in addition to the 46-month term of imprisonment.

This court will affirm a sentence so long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, the district court must (1) properly calculate the guideline range, (2) determine whether a sentence within that range serves the § 3553(a) factors in light of the arguments presented by the parties; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. See Gall v. United States, 128 S. Ct. 586, 596-97

(2007). Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. <u>Pauley</u>, 511 F.3d at 474.

Here, the district court properly calculated the guideline range and determined that a sentence at the bottom of that range would serve the § 3553(a) factors. The district court considered the 1992 drug conviction and was aware of the issue of deportation. Based on the record as a whole, the district court properly considered all the factors and arguments in arriving at its sentence. Thus, there was simply no abuse of discretion.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>